IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-256-D

| | |
|---|---|
| RUBY ANN LAPEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income disability benefits ("SSI") on the grounds that plaintiff is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings (D.E. 17, 26). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Commissioner's motion be denied, plaintiff's motion be granted, and this case be remanded to the Commissioner for further proceedings.

## I. BACKGROUND

### A.   Case History

Plaintiff alleges a disability onset date of 27 December 2002 due to a history of chronic obstructive pulmonary disease, asthma, mild anxiety and depression disorders, contact dermatitis and other eczema, esophageal reflux, and dysplasis of the cervix. Transcript of Proceedings ("Tr.") 24. Plaintiff filed an application for SSI benefits on 22 January 2003. *Id.* 23, 70-72. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed. *Id.* 23,

57-65. On 3 November 2005, a hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 23, 550-78.

In a written decision dated 24 February 2006, the ALJ found that plaintiff was not disabled and therefore was not entitled to SSI. *Id.* 23-32. Plaintiff timely requested review by the Appeals Council on 25 April 2006. *Id.* 19. The Appeals Council received additional evidence into the record but denied the request for review on 20 February 2008. *Id.* 6-9. At that time, the decision of the ALJ became the final decision of the Commissioner, pursuant to 20 C.F.R. § 416.1481. *Id.* Plaintiff commenced this proceeding for judicial review on 11 July 2006 in accordance with 42 U.S.C. §§ 405(g) and 1383(c)(3). *See* Compl. (D.E. 6).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §1382c(a)(3)(D). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

2

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923. If a

3

medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 35 years old on the alleged onset date of disability and was 36 years old on the date of the administrative hearing. Tr. 24. She has a high school education and a nurse's aide certificate. *Id.* Plaintiff has past work experience as a cook and nurse's aide. *Id.*

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. *Id.* 24, 31 ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 416.920(c): chronic obstructive pulmonary disease; asthma; history of tobacco abuse; "depression, mild and anxiety, with no treatment"; non-insulin dependent diabetes mellitus; headaches; hand swelling with no etiology; history of seizures with testing in the normal range; "fatty liver, mild, cirrhosis"; and "rule out ovarian cyst."[1] *Id.* 25, 31 ¶ 2. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments in appendix 1 to 20 C.F.R. part 404, subpart P. *Id.* 25, 31 ¶ 3.

The ALJ determined that plaintiff had the RFC to perform a significant range of light work activity. *Id.* 29, 31. Specifically, he found that plaintiff is able to lift and carry up to 10 pounds frequently and 20 pounds occasionally, and to stand, walk, or sit for 6 hours in an 8-hour day, but

---

[1] As part of the remand, the Commissioner should take care to describe the impairments found to be severe with clarity. The quoted descriptions are all ambiguous to some degree. The first quoted description appears to signify depression that was mild and anxiety, although it is not clear whether both conditions or just the anxiety are "without treatment." In the second quoted description, it could be stated more clearly that the fatty liver is found to be mild, rather than the cirrhosis, assuming that is the finding. The third description appears to exclude an ovarian cyst problem, presenting the question why it is included in the list of severe impairments.

4

is limited to simple repetitive tasks, work in a nonproduction setting, and the avoidance of airborne irritants. *Id.* 29, 31 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was not able to perform her past relevant work. *Id.* 30, 32 ¶ 10. At step five, the ALJ found there were jobs in the national economy existing in significant numbers that plaintiff could perform, including specifically photocopier operator, stock checker/apparel, and cashier II. *Id.* 31, 32 ¶ 11. In making this finding, the ALJ accepted the testimony of a vocational expert that these jobs were consistent with the RFC the ALJ found plaintiff to have. The ALJ also received testimony from a medical expert approved by the Commissioner, H.C. Cannon, M.D. *See id.* 23, 570-74; *see also id.* 69 (Dr. Cannon's resume listing employment as Social Security medical expert).

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales,* 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Plaintiff's Contentions

Plaintiff contends that the ALJ's decision should be reversed on the principal grounds that the ALJ erred in his (1) assessment of plaintiff's credibility, (2) evaluation of the opinions of one of plaintiff's treating physicians, and (3) acceptance of the opinion of the vocational expert regarding jobs available to plaintiff. The court addresses each of these grounds in turn below.

6

## C. Assessment of Plaintiff's Credibility

At the hearing, plaintiff testified that her impairments are disabling. Tr. 29. The ALJ found this testimony "not wholly credible." *Id.* 29; *see also id.* 31 ¶ 4. Plaintiff contends that this determination was unlawful. The court agrees.

As noted, this court is not permitted to make credibility assessments, but must determine if the ALJ's credibility assessment is supported by substantial evidence. *Craig*, 76 F.3d at 589. The ALJ's assessment involves a two-step process. First, the ALJ must determine whether a plaintiff's medically documented impairments could cause the plaintiff's alleged symptoms. *Id.* at 594-95. Here, the ALJ satisfied this step of the credibility assessment. He found that "the objective medical and other evidence establishes that the [plaintiff's] impairments are capable of producing [her] pain and limitations." *Id.* 29. Plaintiff does not challenge the ALJ's fulfillment of this first step. (*See* Plf.'s Mem. at 13).

Next, the ALJ must evaluate the plaintiff's statements concerning the plaintiff's symptoms. *Craig*, 76 F.3d at 595. If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "supported by the evidence." *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (quoting Soc. Sec. R. 96-7p, 1996 WL 374186, at *2 (2 July 1996)) (internal quotations omitted). "The determination or decision . . . must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." Soc. Sec. R. 96-7p, 1996 WL 374186, at *4.

Here, the ALJ stated two reasons for finding plaintiff less than fully credible: "After review of the medical and other evidence described above, the undersigned finds that allegations of the

intensity, persistence and functionally limiting effects of her symptoms [first] are not substantiated by the objective medical or other evidence and [second] lack more aggressive treatment." Tr. 29. Plaintiff contends that the reasons stated by the ALJ are not as specific as required and that they are not supported by substantial evidence. Surprisingly, the Commissioner does not directly address these arguments in his memorandum or otherwise expressly discuss the ALJ's finding on plaintiff's credibility, although the Commissioner does argue that the ALJ's decision is supported by substantial evidence. The court finds meritorious plaintiff's argument that the reasons stated by the ALJ are not sufficiently specific.

The first reason provided by the ALJ—that plaintiff's allegations are not substantiated by the objective medical evidence or other evidence—manifestly lacks specificity. Read literally, it merely signifies that plaintiff's allegations are not supported by the record. Such a broad conclusory statement provides little, if any, insight into the basis for the ALJ's determination.

The ALJ does state that he developed this reason, as well as the other, "[a]fter review of the medical and other evidence *described above*." *Id.* 29 (emphasis added). However, any notion that the ALJ's description of the evidence would definitively clarify his reasoning would be misplaced. The evidence in this case spans about 500 pages, and the ALJ describes it comprehensively. *See id.* 25-28. He nowhere indicates in this description which particular evidence, or lack thereof, underlies his determination that plaintiff's allegations are not supported by the record.

At one point, the ALJ offers an explanation why he rejects the opinions of plaintiff's primary treating physician, Vandana Devalapalli, M.D., that plaintiff is disabled. *Id.* 28. The ALJ does not state that this analysis also underlies his credibility determination, and it is not otherwise apparent that it does. In addition, this explanation is itself unclear, as discussed in the next section. A

8

claimant should not have to speculate about the basis for an ALJ's credibility determination as the ALJ's first proffered reason compels plaintiff to do here. *See* Soc. Sec. R. 96-7p, 1996 WL 374186, at *4.

Even greater uncertainty attends the second reason stated by the ALJ—lack of aggressive treatment. At the outset, it is unclear whether the ALJ means that plaintiff did not seek treatment with an aggressiveness consistent with her purported pain and other limitations or that the treatments prescribed by plaintiff's physicians were not as aggressive in character as her purported pain and other limitations warranted.

It is also unclear upon which, if any, evidence the ALJ bases this reason. The record plainly shows that plaintiff received extensive treatment for her various conditions. The ALJ's own description of the evidence is replete with references to treatment plaintiff sought and received, ranging from medication to surgery. *See id.* 25, 26, 27; *see also id.* 99-103 (summary of plaintiff's conditions and treatments in her hearing statement). Indeed, plaintiff submitted a list of 24 medications she was taking on a regular basis for her medical conditions. *Id.* 106-07. As the ALJ himself notes, Dr. Devalapalli opined that "the side effects of a multitude of medications" contributed to her purported inability to perform any work. *Id.* 27 (referring to *id.* 539).

The court concludes that the ALJ failed adequately to specify the reasons for his credibility determination. Without adequate specification of the reasons, the court cannot determine whether those reasons are supported by substantial evidence. The case must accordingly be remanded to the Commissioner for reconsideration of the credibility of plaintiff's allegations of pain and other limitations, and the making of the requisite findings based on such reconsideration.

9

Case 5:08-cv-00256-D   Document 33   Filed 06/30/09   Page 9 of 13

## D. Evaluation of the Primary Treating Physician's Opinions

Plaintiff contends that the ALJ erred in rejecting the opinions of Dr. Devalapalli, as plaintiff's primary treating physician, that she is disabled. The ALJ will need to revisit his evaluation of Dr. Devalapalli's opinions in light of his reconsideration of plaintiff's credibility. The court accordingly declines to resolve it at this time. However, for guidance, the court notes basic principles governing the evaluation of medical source opinions.

Opinions of treating physicians are accorded special weight in certain circumstances. Indeed, the Regulations provide that opinions of treating physicians on the nature and severity of impairments are to be accorded controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. R. 96-2p, 1996 WL 374188, at *2 (2 July 1996). Otherwise, the opinions are to be given significantly less weight. *Craig*, 76 F.3d at 590. The Regulations prescribe factors to be considered in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, and their consistency with the record. 20 C.F.R. § 416.927(d)(2)-(6). Significantly, an ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5; *see* 20 C.F.R. § 416.927(f)(2)(ii).

10

The opinions of a nonexamining physician are generally entitled to less weight than those of a treating physician. *See* 20 C.F.R. § 416.927(d)(1), (2); Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (2 July 1996). However, the weight ultimately attributed to nonexamining source opinions depends on the same factors as those for treating source opinions and, if applicable, the status of the nonexamining source as a state agency medical consultant or medical expert used by the Commissioner. 20 C.F.R. § 416.927(f). Thus, under appropriate circumstances, where the opinion of the treating source is not given controlling weight, a nonexamining source opinion may be accorded substantial weight and even more weight than a treating source opinion. *See* 20 C.F.R. § 416.927(d); Soc. Sec. R. 96-6p, 1996 WL 374180, at *3. Unless the treating source's opinion is given controlling weight, the ALJ must explain in his decision the weight given to the opinions of nonexamining sources as he must do for treating source opinions. 20 C.F.R. § 416.927(f)(2)(ii).

Here, Dr. Devalapalli offered the opinions that plaintiff's impairments meet or equal a listing and that plaintiff lacks the capacity to perform even sedentary work. Tr. 538, 539. In explaining why he rejected both these opinions, the ALJ does not delineate when he is speaking of the opinion regarding the listings and when he is speaking of the opinion regarding plaintiff's capacity to work. The distinction is important because a relatively minimal showing may be sufficient to establish that the strict requirements of a listing are not met or equaled,[2] whereas a much more substantial showing may be needed to show that a claimant otherwise lacks the capacity to perform a certain level of work.

Further, the ALJ's discussion indicates that he accepted the opinion of consulting physician Dr. Cannon that plaintiff's impairments do not meet or equal a listing. The ALJ does not clearly

---

[2] *See, e.g., Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); 20 C.F.R. § 416.925(a).

11

specify why he accepted the opinion of Dr. Cannon, as a nonexamining physician, over that of Dr. Devalapalli, as a treating physician. The ALJ also did not state whether he was considering Dr. Cannon's opinion with respect to solely Dr. Devalapalli's opinion regarding the listings or whether he was also considering it with respect to Dr. Devalapalli's opinion regarding plaintiff's capacity to work.

Irrespective of whether these deficiencies would themselves require remand, they do warrant the court's reminding the Commissioner, on remand, to use care in analyzing and setting out his analysis of the weight he gives to the various medical source opinions. As the foregoing authorities require, the explanation should be sufficiently specific "to make clear" to plaintiff and any subsequent reviewers the weight given each opinion and the reasons for such weight. Soc. Sec. R. 96-2p, 1996 WL 374188, at *5; *see* 20 C.F.R. § 416.927(f)(2)(ii).

### E. Acceptance of Vocational Expert's Opinion

Plaintiff contends that the ALJ erred in accepting the vocational expert's opinion that jobs are available to plaintiff because the jobs which the expert identified exceed the mental residual functional capacity the ALJ found plaintiff to have. The ALJ found plaintiff limited to simple repetitive tasks. Tr. 29, 31 ¶ 5. Plaintiff argues that this finding restricted her to jobs at no higher than reasoning development level 1 under the *Dictionary of Occupational Titles (DOT)*, but that the jobs the vocational expert said were available to her were at a higher reasoning level. *See generally* 20 C.F.R. § 416.966(d)(1) (permitting administrative notice of *DOT*); Soc. Sec. R. 00-4p, 2000 WL 1898704 (4 Dec. 2000) (use of vocational expert, *DOT*, and other occupational information).

Because the ALJ will need to reconsider plaintiff's RFC as part of the remand, the court need not resolve this issue at this time. The court does, however, note for the parties' interest recent case

law bearing directly on the issue of the reasoning level under the *DOT* corresponding to a limitation to simple routine repetitive tasks. *See Burnette v. Astrue*, No. 2:08-CV-009-FL, 2009 WL 863372, at *5 (24 March 2009) (limitation to simple, routine repetitive tasks not inconsistent with jobs at *DOT* reasoning development level 2 and cases cited therein).

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion for judgment on the pleadings be DENIED, plaintiff's motion for judgment on the pleadings be ALLOWED, and this case be REMANDED to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 30th day of June, 2009.

James E. Gates
United States Magistrate Judge

13